# United States Bankruptcy Court
## District of Idaho

| | |
|---|---|
| In Re ) | |
| ) | Case Number 10-20404 -TLM |
| JEREMY STEWART ) | |
| ALISON STEWART ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |

### AMENDED
### ORDER CONFIRMING CHAPTER 13 PLAN
### AND GRANTING RELATED MOTIONS

IT HAVING BEEN DETERMINED AFTER NOTICE AND A HEARING THAT:

1.     The Chapter 13 Plan and Related Motions comply with the provisions of this chapter and with other applicable provisions of this title;

2.     Any fees, charges or amounts to be paid under the Chapter 13 Plan or 28 USC §§ 1911 et seq. have been paid;

3.     The Chapter 13 Plan and Related Motions have been proposed in good faith and not by any means forbidden by law, and the filing of the petition was in good faith;

4.     The value, as of the effective date of the Chapter 13 Plan and Related Motions, of the property to be distributed under the plan on account of each allowed unsecured creditor is not less than the amount that would be paid on such claim if the estate of the debtor was liquidated under 11 USC Chapter 7 on such date;

5.     With respect to each allowed secured claim provided for by the plan-

a.   the holder of such claim has accepted the plan; or

b.   the plan provides that the holder of such claim retain the lien securing such claim, and receive payment consistent with the terms of 11 USC §1325(a)(5)(B)(i), (ii) and (iii), or

c.   the property securing such claim is surrendered to the holder of such claim.

6.   The debtor will be able to make all payments under the plan, and to comply with the plan.

7.   The debtor has paid all amounts as required under 11 USC §1325(a)(8).

8.   The debtor has filed all applicable Federal, State and local tax returns.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

A.   The Chapter 13 Plan is confirmed and Related Motions are granted incorporating the following modifications:  **The payment is increased from $450.00 a month to $475.00 a month for the remaining 46 months of the plan to provide for the arrearage of $4,993.77 to Wells Fargo Financial.**

B.   The value of the collateral securing debts due holders of secured claims is fixed as stated herein:

| CREDITOR | DESCRIPTION OF COLLATERAL | ALLOWED VALUE | RATE OF INTEREST |
|---|---|---|---|
| Potlatch Credit Union | 1999 Dodge Ram | $5,000.00 | 6.0% |
| Wells Fargo Auto | 2004 Dodge Neon | $4,000.00 | 6.0% |
| Boundary County | Residence (property taxes) | $1,868.89 | 12.0% |
| Les Schwab | Tires | $100.00 | 6.0% |

C.   Pursuant to the motion of the debtor contained in the debtor's plan and 11USC 365(a), the following unexpired leases and/or executory contracts are assumed upon the following terms, or are rejected.  NONE

D.      Pursuant to the motion of the debtor contained in the debtor's plan and 11 USC §522(f)(1)(A), the judicial liens of the following creditors are avoided, the court finding that such liens impair an exemption to which the debtor is entitled under applicable law.   NONE

E.      Pursuant to the motion of the debtor contained in the debtor's plan and 11 USC §522(f)(1)(B), the nonpossessory, nonpurchase money security interests of the following creditors are avoided, the court finding that the interests impair an exemption to which the debtor is entitled under applicable law.     NONE

/// End of text///

DATED:  July 14, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Approved as to form:
        /s/ C. Barry Zimmerman
C. Barry Zimmerman, Trustee

        /s/ Jeremy Stewart
Jeremy Lynn Stewart

        /s/ Alison Stewart
Alison Rene Stewart

Prepared by:
Theodore L Rupp, ISB No. 2809
Attorney for Debtor